IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Ruvye Cowley,<br><br>    Plaintiff,<br><br>vs.<br><br>AD Astra Recovery Services, Inc.,<br>a foreign corporation,<br><br>    Defendant. | Case No.:<br><br><br><br><br>**JURY DEMAND** |

COMPLAINT

COMES now the plaintiff, Ruvye Cowley, by and through counsel, and for her Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

**VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Memphis, Shelby County, Tennessee.

3. Venue is proper in the Western District of Tennessee, Western Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Memphis, Shelby County, Tennessee.

5. The Defendant, AD Astra Recovery Services, Inc., is a Nevada corporation that maintains its principal office in Kansas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Speedy Cash in the amount of $1,559.00 ("the Alleged Debt").

7. On July 26, 2018, Plaintiff obtained her Trans Union credit report and noticed the Alleged Debt being reported.

8. On or about July 31, 2018, Plaintiff submitted a letter to Defendant disputing the Alleged Debt.

9. On August 19, 2018, Continental Finance Company, a prospective lender, obtained Plaintiff's Trans Union credit report.

10. On August 20, 2018, Capital One Bank USA, a prospective lender, obtained Plaintiff's Trans Union credit report.

11. On September 25, 2018, Plaintiff obtained her Trans Union credit report which showed that Defendant failed or refused to flag the Alleged Debt as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Trans Union to flag its trade line as disputed.

14. Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the allegations of Paragraphs 1 – 15 by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by using false representations or misrepresenting the Alleged Debt by reporting credit information which is known to be false, including failure to report a disputed debt as disputed.

21. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

22. Defendant has willfully continued to report false information on the Plaintiff's credit report.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual and statutory damages, costs, interest, and attorneys' fees as follows:

a. Actual damages;
b. Statutory damages;
c. Statutory costs and attorneys' fees; and

d. Exemplary and punitive damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

DATED: October 24, 2018

By: */s/ Susan Lafferty*
Susan Lafferty BPR# 025961
Lafferty Law Firm, P.C.
1321 Murfreesboro Pike, Suite 521
Nashville, TN 37217
(615) 878-1926
(615) 472-7852 (fax)
susanl@laffertylawonline.com